SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
Email: jpollaci@seyfarth.com
J. Patrick Allen (SBN 268130)
E-mail:  jpallen@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY RIHA,<br><br>             Plaintiff,<br><br>      v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>             Defendants. | Case No. __2:21-cv-1220_____<br><br>(Los Angeles County Superior Court Case No. 20STCP02912)<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**<br><br>Complaint Filed: September 10, 2020<br>Trial Date:         None Set |

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT

67996237v.3

To the United States District Court for the Central District of California and to Plaintiff and/or her attorneys of record:

Please take notice that Defendant LOWE'S HOME CENTERS, LLC ("Defendant"), hereby files this Notice of Removal pursuant to 28 United States Code sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I.    BACKGROUND

1.    On September 10, 2020, Plaintiff Judy Riha ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, entitled, *Judy Riha v. Lowe's Home Centers, LLC*, designated as Case No. 20STCP02912. In the Complaint, Plaintiff seems to refer to three causes of action: (1) Disability Discrimination; (2) Hostile Work Environment; and (3) Wrongful Termination.

2.    On January 11, 2021, Plaintiff served Defendant with the Summons and a single-page Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached as Exhibit 1 (hereinafter "Compl."). A true and correct copy of the Complaint and Plaintiff's accompanying notes, which Defendant obtained from the Los Angeles Superior Court, are attached as Exhibit 2.

3.    Exhibits 1 and 2 constitute all of the pleadings served on Defendant and/or filed by Plaintiff and/or Defendant in the state court action prior to filing this Notice of Removal. (Declaration of J. Patrick Allen ["Allen Dec."] ¶ 3.) Currently, the Los Angeles Superior Court has set a Case Management Conference for May 26, 2021.  The Court further has set an Order to Show Cause regarding Dismissal to be held concurrently with the Case Management Conference.

4.    Other than the Case Management Conference and Order to Show Cause hearing, there are no pending hearings currently scheduled in the Los Angeles County Superior Court in the state court action. (Allen Dec. ¶ 3.)

1

## II.    TIMELINESS OF REMOVAL

5.    This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 1.)

## III.    JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

6.    The Court has original jurisdiction of this action under 28 United States Code section 1332(a)(1). As set forth below, this action is removable pursuant to 28 United States Code section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.    **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

8.    Plaintiff listed her address on the caption page of the Complaint. (Compl., p. 1.) Accordingly, at the time she filed the Complaint, Plaintiff was a resident of Los Angeles in the State of California. Further evidence that Plaintiff resides in California can be found in the fact that, throughout her employment with Defendant, Plaintiff's home address during the period when she worked at Lowe's was within the State of California. (Declaration of Grace Ridley ["Ridley Dec."] ¶ 4.) There are no documents in Plaintiff's personnel records to suggest in any way that she is currently, or during the period of her employment was, a resident or citizen of any state other than California. (Ridley Dec. ¶

2

4.) Plaintiff's residence in California is prima facie evidence of her domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (a party's residence is prima facie evidence of his domicile). By setting forth a California address as her current contact information on the caption page of the Complaint, providing her California residence to her former employer, and filing suit in the Superior Court of the State of California, Plaintiff has demonstrated "an intent to remain" in California, establishing Plaintiff's domicile in California. Plaintiff therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

9.    **Defendant's Citizenship.** In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10.    Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Ridley Dec. ¶ 5.)

11.    Lowe's Companies, Inc. is, and was at the time the civil action was instituted, a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 6.)

12.    Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities— is located in Mooresville, North Carolina. (Ridley Dec. ¶ 6.) The majority of Lowe's Companies, Inc.'s executive and administrative functions takes place at its headquarters in North

3

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67996237v.3

Carolina. (*Id.*) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id.*) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id.*) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id.*) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.*) Thus, Lowe's Companies, Inc. is a citizen of North Carolina.

13. Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California. Thus, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

14. Further, in compliance with 28 United States Code section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 United States Code section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

15. **Amount in Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing

4

that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

16.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

17.     As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

18.     In determining whether a complaint meets the $75,000 threshold under 28 United States Code section 1332(a), the Court must consider a plaintiff's alleged

5

DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67996237v.3

aggregate general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

19. The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

20. **Compensatory Damages.** Plaintiff's Complaint lists claims for disability discrimination, hostile work environment, and wrongful termination. While Plaintiff's Complaint does not explicitly set forth a prayer for relief, a plaintiff prevailing on a claim for discrimination or wrongful termination generally is entitled to recover compensatory damages, including lost wages.

21. Plaintiff was employed at one of Defendant's stores in Los Angeles, California. (Ridley Dec. ¶ 3.) Her employment was terminated on or about September 15, 2019. (*Id.*) Prior to her termination, Plaintiff earned a base hourly rate of $13.66. (*Id.*) Conservatively estimating a February 2022, trial date, Plaintiff's past lost wages alone would amount to approximately $34,400; i.e., approximately twenty-nine months between the alleged termination and the estimated trial date.

22. In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has

6

discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

23.     An award of three years' front pay would entitle Plaintiff to more than $42,600 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in a discrimination suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $77,000.

24.     **Emotional Distress Damages.** In addition to economic damages, Plaintiff's claims would give rise to potential emotional distress damages. These potential damages can be considered for purposes of meeting the amount in controversy, even if they are not clearly pled in the complaint. *Adkins v. J.B. Hunt Transport, Inc.*, 296 F.Supp.3d 1140, 1146 (E.D. Cal. 20218).  In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for pregnancy discrimination and wrongful termination. *Id.*

7

25. In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g., Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $157,001 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, No. BC484335, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in violation of the CFRA and disability discrimination action); *Aboulafia v. GACN Inc.*, No. BC469940, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering awards of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Ward v. Cadbury Schweppes Bottling Grp.*, 09CV03279(DMG), 2011 WL 7447633 (C.D. Cal) (jury award $5,600,000 in non-economic damages in discrimination and retaliation case); *Welch v. Ivy Hill Corp.*, No. BC414667, 2011 WL 3293268 (Los Angeles Sup. Ct.) (award of $1,270,000 in pain and suffering to employee in discrimination action); *Leimandt v. Mega RV Corp.*, No. 30-2010-00388086, 2011 WL 2912831 (Orange County Sup. Ct.) (jury awarded $385,000 in pain and suffering to employee in an discrimination case). These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages exceeds the $75,000 amount in controversy requirement.

26. **Attorneys' Fees.** The causes of action listed in Plaintiff's Complaint could give rise to a statutory entitlement to attorneys' fees. While Plaintiff currently is not represented by counsel, Plaintiff can and probably will retain counsel at some point during the litigation process. Indeed, in the notes she filed with the Los Angeles Superior Court, she indicated: "I am looking for a Disability Rights Lawyer…." (Exhibit 2) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in disability discrimination or wrongful termination actions brought

8

under FEHA. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). The amount of attorneys' fees for purposes of amount in controversy calculations is the expected reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

27. Defendant anticipates that the Parties will propound and respond to written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Allen Dec. ¶ 4.) Here, if Plaintiff retains counsel and prevails, she could be entitled to an award of attorneys' fees that alone is "more likely than not" to exceed $75,000, as is typical in employment discrimination cases. Indeed, courts have awarded attorneys' fees in excess of $75,000 in cases involving discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, No. BC417507, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged discrimination action); *Davis v. Robert Bosch Tool Corp.*, No. B185408, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorneys' fees award of $490,000 for claims in a discrimination case).

28. In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages such as lost wages and emotional distress damages, and attorneys' fees satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

9

29.     Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 United States Code section 1332(a)(1), and removal is proper.

## IV.    VENUE

30.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 United States Code sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles. In addition, the action arose in the County of Los Angeles because the store where Plaintiff worked is in Los Angeles, California. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT

31.     Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VI.    PRAYER FOR REMOVAL

32.     Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

DATED:  February 10, 2021                SEYFARTH SHAW LLP


By: */s/ J. Patrick Allen*
     Jamie C. Pollaci
     J. Patrick Allen
     Attorneys for Defendant
     LOWE'S HOME CENTERS, LLC

10